UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00129-JAW |
| | ) | |
| SIDNEY P. KILMARTIN | ) | |

**ORDER ON MOTION IN LIMINE RE: DEFENDANT'S MENTAL HEALTH**

With trial scheduled for October 3, 2016, the Government moves in limine to preclude Sidney Kilmartin from introducing evidence of his mental health condition without proffering precisely what that evidence will be and how it relates to a valid defense. *Mot. in Lim. to Preclude Evid. of Def.'s Mental Health* (ECF No. 106) (*Mot. in Lim.*).

In the Government's motion, it related the following history of this issue: On March 27, 2015, Mr. Kilmartin filed a notice of intent to present an insanity defense pursuant to Rule 12.2(a). *Def.'s Notice of Insanity Defense* (ECF No. 47); FED. R. CRIM. P. 12.2(a) ("A defendant who intends to assert a defense of insanity . . . must so notify an attorney for the government . . . A defendant who fails to do so cannot rely on an insanity defense"). On April 3, 2015, the Court granted the Government's motion for a psychiatric exam pursuant to Rule 12.2(c)(1). *Government's Mot. for Responsibility Examination* (ECF No. 48); *Order for Responsibility Examination* (ECF No. 49); FED. R. CRIM. P. 12.2(c)(1)(B) ("If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242"). On September 9 and 18, 2015, the Court received psychiatric

reports from Ft. Devens FMC. *Forensic Reports* (ECF Nos. 63, 70). On October 9, 2015, Mr. Kilmartin orally withdrew his notice of intent to present an insanity defense. *Min. Entry* (ECF No. 75). The Government states that it has produced to Mr. Kilmartin reports of examinations and tests, as well as summaries of planned expert testimony, but that it has not yet received discovery from the defense of any results or reports of any examination of the defendant's mental condition, as contemplated by Rule 12.2(c)(3). *Mot. in Lim.* at 2; FED. R. CRIM P. 12.2(c)(3) ("After disclosure under Rule 12.2(c)(2) of the results and reports of the government's examination, the defendant must disclose to the government the results and reports of any examination on mental condition conducted by the defendant's expert about which the defendant intends to introduce expert evidence").

Mr. Kilmartin responded to the Government's motion in limine on September 19, 2016. *Def.'s Resp. to Mot. in Lim. Re: Mental Health* (ECF No. 121). In his response, Mr. Kilmartin states that "the Government correctly summarizes the history of the case regarding the defense of insanity and the Defendant Sidney Kilmartin's later withdrawal of that defense after being evaluated at Fort Devens FMC." *Id.* at 1. He confirms that he "will not be offering a mental health defense at trial." *Id.*

The general rule in the First Circuit is that mental-condition evidence is not "always inadmissible except in relation to insanity." *United States v. Schneider*, 111 F.3d 197, 201 (1st Cir. 1997). Discussing 18 U.S.C. § 17(a), the First Circuit observed that a defendant who has foregone the insanity defense is not precluded "from

offering evidence to negate a requisite state of mind, but . . . apart from such a negation - it does preclude any other new and different defense of diminished responsibility to excuse or mitigate the offense." *Id.* (internal citation omitted).

At the same time, in *United States v. Marenghi*, 893 F. Supp. 85 (D. Me. 1995), the district court concluded that once a defendant relinquished an insanity defense, the court would require a detailed proffer to know precisely what mental-condition evidence would be offered to evaluate whether the evidence would be properly admissible in view of its restricted relevance. *Id.* at 90-91. In light of Mr. Kilmartin's response, the Court assumes that he decided not to present any mental-condition evidence during the upcoming trial and is waiving the right to present this evidence for the limited purposes approved in *Schneider*.

Given Mr. Kilmartin's lack of objection and confirmation that he will not be offering a mental health defense at trial, the Court GRANTS the Government's Motion in Limine to Preclude Evidence of Defendant's Mental Health (ECF No. 106).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2016