UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:14-cr-00129-JAW |
| ) | |
| SIDNEY P. KILMARTIN ) | |

**ORDER DENYING MOTION TO COMPEL
AND FOR A MISSING EVIDENCE INSTRUCTION**

Sidney Kilmartin is about to go to trial on a fifteen count indictment that alleges in part that he engaged in a scheme in which he pretended to sell depressed and suicidal persons cyanide but instead sent them Epsom Salts.[1] The Government moved to compel the defense to produce the salts, a laptop, and a cellphone that it claims were obtained by defense counsel, as well as any data retrieved from the laptop and cellphone. The Court declines to compel disclosure of these items based on defense counsel's representations that he does not have the items and does not intend to use them in Mr. Kilmartin's case-in-chief. The Court also denies the Government's request for a missing evidence instruction pertaining to these items.

I.  **BACKGROUND**

 A.  **Procedural Background**

On September 7, 2016, the Government moved to compel Mr. Kilmartin to produce the salts, laptop, and cellphone obtained by counsel, as well as any data

---

[1] Counsel informed the Court that Mr. Kilmartin intends to plead guilty to nine of the fifteen Counts in the superseding indictment, specifically Counts 2, 3, 4, 6, 8, 9, 10, 11 and 13; the Court scheduled the case for a Rule 11 hearing on those counts on October 3, 2016 just before jury selection on the remaining counts. *See Notice of Hr'g* (ECF No. 131).

retrieved from the laptop and cellphone, or, in the alternative, requested that the Court give a missing evidence instruction and allow the Government to draw an adverse inference from Mr. Kilmartin's failure to produce such items. *Mot. Under Seal to Compel or For a Missing Evid. Instr.* (ECF No. 110) (*Mot. to Compel*).[2] Mr. Kilmartin objected on September 23, 2016. *Def.'s Obj. to Mot. to Compel* (ECF No. 125) (*Def.'s Obj.*).

### B. Factual Background

The Government recounts the following facts concerning the discovery process in this case: The defense made its initial request for Rule 16 discovery by letter dated November 14, 2014. *Mot. to Compel* at 1. Government counsel began providing discovery by letter dated November 21, 2014 and has continued to supplement discovery ever since. *Id.* In a discovery letter dated November 28, 2014, government counsel requested all reciprocal discovery to which it was entitled. *Id.*

By email on May 1, 2015 and letter dated May 7, 2015, government counsel alerted Mr. Kilmartin's then defense counsel that tests indicated that substances recovered from three of Mr. Kilmartin's victims were Epsom Salts. *Id.* at 1-2. In a May 28, 2015 meeting with government counsel and Postal Inspector Michael Desrosiers, Mr. Kilmartin's then defense counsel said that Mr. Kilmartin obtained cyanide and advertised it on the internet but that he only sent people Epsom Salts.

---

[2]   The Government filed this motion under seal and Mr. Kilmartin responded under seal. For the moment, the Court placed this order under seal. As this case is heading for trial and as this order addresses evidence that may be admitted at trial and jury instructions at the end of trial, the Court is concerned about why the motion, Mr. Kilmartin's response, and this order should remain hidden from the public. *See United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013). The Court will address counsel on this issue.

*Id.* at 2. On September 11, 2015, Mr. Kilmartin's estranged wife revealed that after Mr. Kilmartin was arrested, his defense attorney collected salts from her house. *Id.* On October 8 and 9, 2015, government counsel requested any salts obtained from Mr. Kilmartin's estranged wife. *Id.*

In July of 2015, Mr. Kilmartin's brother-in-law revealed to Postal Inspector Jeffrey Taylor that he had a laptop that had belonged to Mr. Kilmartin. *Id.* The Government obtained a search warrant for the laptop and conducted forensic analysis on October 28, 2015, which revealed that the laptop was activated after the events charged in the superseding indictment. *Id.* A keyword search revealed a chat about cyanide between Mr. Kilmartin and his estranged wife. *Id.* The results of this examination were disclosed to defense counsel by supplemental discovery letter dated January 5, 2016. *Id.* at 2-3.

In a meeting on October 16, 2015, Mr. Kilmartin's then defense counsel identified several discs of material representing the contents of Mr. Kilmartin's cellphone and laptop that had not come from the Government. *Id.* at 3. Government counsel requested these discs in a supplemental discovery letter dated October 27, 2015 and reiterated the request in a letter dated January 5, 2016. *Id.*

On February 1, 2016, government counsel and Inspectors Taylor and Desrosiers met with Mr. Kilmartin's new counsel, Martin Ridge, to review discovery, and government counsel repeated its discovery requests to him. *Id.* The Government memorialized these requests in supplemental discovery letters dated February 2, 2016, May 13, 2016, July 1, 2016, and August 9, 2016. The Government states that

in a phone conversation on September 1, 2016, Mr. Ridge informed the Government that he had no salts, computer, cellphone, or discs of material representing contents of any computer or cellphone, other than those that the Government produced as discovery. *Id.*

In its objection, defense counsel states that he "has responded to the Government's request for discovery by indicating it is not in possession of the phone, laptop or salts sought by the Government" and that he "does not intend to use any other requested item in [his] case in chief." *Def.'s Obj.* at 2.

## II.   DISCUSSION

### A.   Motion to Compel

Both parties agree that Rule 16 of the Federal Rules of Criminal Procedure governs discovery in a criminal case. *Mot. to Compel* at 4; *Def.'s Obj.* at 2. Rule 16 provides, in relevant part:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

FED. R. CRIM. P. 16(b)(1)(A). As the language of the Rule suggests, the "reciprocal discovery" rule is only triggered once a defendant requests disclosures from the government and the government complies. *Id.*; *see also United States v. Dailey*, 155 F.R.D. 18, 20 (D. R.I. 1994). It is clear from the facts that Mr. Kilmartin requested discovery from the Government pursuant to Rule 16, and that the Government

complied, triggering the reciprocal discovery rule.  The dispute arises over whether the items requested by the Government are subject to disclosure under the Rule.

The Court concludes that they are not.  Rule 16(b) only obligates a defendant to produce an item if it is "within the defendant's possession, custody, or control" *and* if "the defendant intends to use the item in [his] case-in-chief."  FED. R. CRIM. P. 16(b)(1)(A); *see also United States v. Hardy*, 586 F.3d 1040, 1044 (6th Cir. 2009); *United States v. Allen*, 337 F. Supp. 1041, 1043 (E.D. Pa. 1972).  Courts have defined "case-in-chief" in the context of Rule 16 as "[t]he part of a trial in which a party presents evidence to support its claim or defense."  *See e.g.*, *United States v. Hsia*, No. Crim. 98-0057(PLF), 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000) (citing BLACK'S LAW DICTIONARY 207 (7th ed. 1999)); *see also United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000) (case-in-chief does not include evidence that is used solely for impeachment purposes).

The Government cites a statement from Mr. Kilmartin's estranged wife that Mr. Kilmartin's former attorney collected salts from her house.  It also states that Mr. Kilmartin's former attorney showed the Government discs of material retrieved from the laptop and cellphone, which had not come from the Government.  Yet, Mr. Kilmartin's current attorney, Mr. Ridge, states that he is not in possession of the salts, laptop, or cellphone, and additionally that he does not intend to use the other requested items, namely the discs, in Mr. Kilmartin's case-in-chief.

Although the facts suggest that Mr. Kilmartin's former attorney at least at some point may have possessed the items requested, Mr. Kilmartin's current attorney

maintains that he does not. The Court cannot force a defendant to disclose something a defendant does not have. Furthermore, based on the Government's recitation, it is possible that Mr. Kilmartin's former lawyer, his estranged wife, or his brother-in-law may or may not possess some of these items. The Government has made no showing that Mr. Kilmartin has those items in his custody or under his control.

Furthermore, Mr. Ridge says that he "does not intend to use any other requested item in its case in chief." *Def.'s Obj.* at 2. In other words, he does not plan to present these items, including the discs, to support Mr. Kilmartin's defense. *See Hsia*, 2000 WL 195067 at *2. Therefore, the Court concludes that defense counsel is not obligated to produce these items under Rule 16.[3]

In sum, given Mr. Ridge's representation that the items are not in his possession, given an absence of evidence that they are within the Defendant's custody or control, and given that he will not be using the items in Mr. Kilmartin's case-in-chief, the Court DENIES the Motion to Compel.

### B.    Missing Evidence Instruction

The Government also argues that in the event the defense does not produce the items requested, the Government should be entitled to a missing evidence instruction. The Court disagrees.

---

[3]     Of course, if defense counsel comes to possess or control the salts, laptop, or cellphone, and intends to use any of these items, including the discs, in Mr. Kilmartin's case-in-chief, he must produce them to the Government immediately. *See* FED. R. CRIM. P. 16(c). Failure to produce these items under those circumstances exposes Mr. Kilmartin to sanctions under Rule 16(d), which may include exclusion of the evidence he failed to disclose. *See* FED. R. CRIM. P. 16(d)(2)(C); *United States v. Rodriguez Cortez*, 949 F.2d 532, 546 (1st Cir. 1991).

Judge Torresen's pattern jury instructions contain a proposed instruction for a missing witness:

> If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness, because of [his] relationship to the government, would normally be expected to support the government's version of events, the failure to call that witness may justify an inference that [his] testimony would in this instance be unfavorable to the government. You are not required to draw that inference, but you may do so. No such inference is justified if the witness is equally available to both parties, if the witness would normally not be expected to support the government's version of events, or if the testimony would merely repeat other evidence.

*Judge Torresen's 2016 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit*, § 2.12 (Updated 6/27/15) (*Torresen*). However, as the language of Judge Torresen's proposed instruction reveals, the instruction is phrased in terms of the government's, not the defendant's, failure to produce a witness. *Id.* § 2.12, cmt. 3. Judge Torresen observes that "[t]he cases often speak in terms of a 'party' . . . and this instruction might be revised accordingly." *Id.* But she advises that a judge "should exercise extreme caution in grating the government's request for such an instruction against a defendant." *Id.* She explains that "[t]he Federal Judicial Center recommends that the instruction 'not be used against the defendant who offers no evidence in his defense.'" *Id.* (quoting Comment, *Fed. Jud. Ctr. Instruction 39*). Even if a defendant presents some evidence, Judge Torresen recommends that a missing evidence instruction be supplemented with a caution that the law "never compels a defendant in a criminal case to call any witnesses or produce any evidence in his behalf." *Id.* (quoting LEONARD B. SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS (2000)).

7

Even if the Government could demonstrate that a missing evidence instruction should be given, the Court is not convinced that the Government has established the evidentiary predicate for such an instruction.  A missing evidence instruction advises the jury that it can infer that evidence would have been unfavorable to a party based on that party's failure to produce it.  *United States v. Santana-Pérez*, 619 F.3d 117, 123 (1st Cir. 2010); *United States v. Rodriguez-Pacheco*, 475 F.3d 434, 458-59 (1st Cir. 2007) (collecting cases).  A missing evidence instruction, most commonly used for missing witnesses, is warranted when the missing witness is "favorably disposed" to that party or when the witness is "peculiarly available to that party."  *United States v. St. Michael's Credit Union*, 880 F.2d 579, 597 (1st Cir. 1989) (internal citations omitted).

With respect to physical evidence in particular, the First Circuit has found that a missing evidence instruction may be warranted where "a party with exclusive control over relevant, noncumulative evidence fails to produce that evidence." *United States v. Rose*, 104 F.3d 1408, 1417 (1st Cir. 1997) (citing *St. Michael's Credit Union*, 880 F.2d at 597).  The instruction may also be given in spoliation cases, where "there is evidence from which a reasonable jury might conclude that evidence favorable to one side was destroyed by the other."  *United States v. Laurent*, 607 F.3d 895, 902 (1st Cir. 2010).  The party seeking the instruction has the burden of laying an appropriate evidentiary foundation.  *Id*.  The decision to give a missing evidence instruction is discretionary with the trial judge.  *United States v. Arias-Santana*, 964 F.2d 1262, 1268 (1st Cir. 1992); *St. Michael's Credit Union*, 880 F.2d at 597.

The two most common situations in which a missing evidence instruction is given is in the case of a party's failure to produce a witness or the spoliation of evidence. Neither situation is present here. Moreover, as discussed above, defense counsel has stated that he is not in possession of the items requested, and therefore the Court finds that he does not have "exclusive control" over those items. *See Rose*, 104 F.3d at 1417. Even if Mr. Kilmartin (or his counsel) were in possession of the items, he is under no obligation, pursuant to Rule 16, to produce the items if he does not intend to use them in his case-in-chief, which is the situation in this case. *See* FED. R. CRIM. P. 16(b)(1)(A). It would be odd for the Court to find that Mr. Kilmartin is under no obligation to produce the evidence, but then allow the Government to draw an adverse inference from his failure to produce.

To the extent the Government has raised an issue, it strikes the Court that its argument is closer to spoliation than to missing evidence. Judge Torresen has a spoliation instruction:

> If you find that [party] destroyed or obliterated a document that it knew would be relevant to a contested issue in this case and knew at the time it did so that there was a potential for prosecution, then you may infer (but you are not required to infer) that the contents of the destroyed evidence were unfavorable to [party].

*Torresen* § 2.13. The First Circuit has written that a spoliation instruction "usually makes sense only where the evidence permits a finding of bad faith destruction; ordinarily, *negligent* destruction would not support the logical inference that the evidence was favorable to the defendant." *Laurent*, 607 F.3d at 902 (emphasis in original).

9

The Government's recitation of the facts does not convince the Court that Mr. Kilmartin or someone acting on his behalf destroyed these items or has them in their possession. Mr. Kilmartin himself has been incarcerated ever since his arrest on November 5, 2014. *Arrest Warrant* (ECF No. 7); *Min. Entry* (ECF No. 10). There is no evidence that Mr. Kilmartin had access to the items or destroyed them after he was arrested. At best, the Government is insinuating that Mr. Kilmartin's prior attorney, his estranged wife, and his brother-in-law either destroyed the items or are actively hiding them. For the Government to prove what these individuals may have done and whether their actions can fairly be attributable to Mr. Kilmartin would present significant issues of proof, including whether these individuals would willingly testify on the subject. The Court foresees a complicated trial within a trial with no obvious resolution in order for the Government to obtain either a missing evidence or spoliation instruction.

### III. CONCLUSION

The Court DENIES the Motion Under Seal to Compel or For a Missing Evidence Instruction (ECF No. 110).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2016