```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF MAINE


 UNITED STATES OF AMERICA       )
                                )
                                )     CRIMINAL ACTION
            vs.                 )
                                )        Docket No.
                                )      1:14-cr-00129-JAW
 SIDNEY KILMARTIN,              )
                                )     CHAMBERS CONFERENCE
                Defendant.      )
```

TRANSCRIPT OF PROCEEDINGS

Pursuant to notice, the above-entitled matter came on for CHAMBERS CONFERENCE before the HONORABLE JOHN A. WOODCOCK, JR., District Judge, in the United States District Court, Bangor, Maine, on the 3rd day of October, 2016, at 9:20 a.m.


APPEARANCES:

For the Government:                    Halsey B. Frank, Esquire

For the Defendant:                     J. Martin Ridge, Esquire



                      Melissa L. Merenberg, RPR
                        Official Court Reporter

Proceedings recorded by mechanical stenography; transcript produced by computer.

```
 1            (Counsel present in chambers.)
 2            THE COURT:  All right.  We're here in the matter of
 3   United States v. Sidney Kilmartin, which is 14-cr-129-JAW.
 4   Would counsel please enter their appearances?
 5            MR. FRANK:  Halsey Frank for the United States.
 6   Good morning, Your Honor.
 7            THE COURT:  Good morning.
 8            MR. RIDGE:  Martin Ridge for the defendant.
 9   Morning, Your Honor.
10            THE COURT:  Morning.
11        Before we went in for the Rule 11, I thought I would
12   raise a couple of issues regarding the implications of the
13   Rule 11 for trial and whether I should raise that with
14   Mr. Kilmartin.  The first question is whether I should advise
15   him as to the admissibility of the guilty pleas.  And the
16   second is whether I should advise him as to the admissibility
17   of the facts admitted in the prosecution version.
18            MR. FRANK:  I think so.  I mean, I think the parties
19   anticipate that both -- well, I'll speak for myself.
20            THE COURT:  Sure.
21            MR. FRANK:  I anticipated that both would be
22   admissible.  It seems to me although -- and perhaps for a
23   number of purposes, I mean, I think firstly as evidence of the
24   crimes charged in the indictment, which I take it will then be
25   convictions, albeit the time for appeal will not have run.
```

1          THE COURT:  Under the rule, it's admissible
2     regardless of appeal.
3          MR. FRANK:  And I think the convictions arguably are
4     impeachable convictions at that point, if he were to testify.
5     And I think the facts should be admissible as an admission of
6     a party opponent.
7          THE COURT:  Well, that's why I have raised it.
8        What do you think?
9          MR. RIDGE:  I don't disagree with any of that, Your
10    Honor.  I think my disagreement may come with the recitation
11    of the facts in the prosecution's version.  There are just --
12    and there are only a couple of those, but I was concerned
13    about the same issue and planned to raise it during the --
14    during the plea.
15       Mr. Kilmartin cannot agree to some of the facts stated in
16    the prosecution's version.  As to all other facts, I
17    understand, and I believe Mr. Kilmartin understands, that that
18    plea is going to be admissible in the trial of the remaining
19    counts for all the purposes that have been discussed already.
20         THE COURT:  Sure.  Well, I can't get involved in
21    negotiating the contents of the prosecution version.  What I
22    am going to suggest is that you get together -- you can use
23    this conference room, see if you can come to an agreement on
24    the actual contents of the prosecution version that he is
25    willing to admit, rather -- I can't simply -- I can't get

1   involved in negotiation of that sort.
2        So why don't you take a little while and see if you can
3   talk to each other about the contents of the prosecution
4   version, see if his objections, Mr. Frank, are either
5   something you can work out or alternatively something you
6   don't need.  All right.  Thank you.
7             MR. RIDGE:  Thank you, Your Honor.
8             (Whereupon there was a recess at 9:23 a.m. and
9   proceedings reconvened at 9:41 a.m.)
10            MR. FRANK:  So I think we've been able to reach an
11  agreement that satisfies the defense and that will still --
12  will still support the -- and we've -- we've made an
13  initial -- the changes there on the version in front of you.
14  I think there's also on the back of one --
15            THE COURT:  Oh, okay.  Thank you.  Okay.  You'll
16  probably want to have him initial --
17            MR. RIDGE:  Yes.
18            THE COURT:  -- these changes, as well.
19       What do you think I should tell him regarding possible
20  implications for the trial or what would you like me to tell
21  him?
22            MR. RIDGE:  I think I would like you to tell him as
23  much as we have discussed here in just kind of a -- the worst
24  case scenario for him.
25            THE COURT:  Which -- how would you define that?

```
 1              MR. RIDGE:  Well, I would define that as the
 2    admissions in the prosecution's version of the offense being
 3    admissible, the fact that he has pled guilty to the scheme and
 4    the counts encompassed in his plea is admissible, and there is
 5    not any way for him to contest the validity of any of the
 6    facts contained in the pros version.  I fully believe he
 7    understands all of that --
 8              THE COURT:  Sure.
 9              MR. RIDGE:  -- but I think it's important to have it
10    on the record.
11              THE COURT:  Sure.  Absolutely.  I think in a broader
12    sense, maybe I should tell him that he may not be able to
13    assert, to the extent he has specific defenses planned, a
14    defense that is contrary to what he has admitted.
15              MR. RIDGE:  Fine.
16              THE COURT:  You know where I am coming from on that?
17              MR. RIDGE:  I do, yeah, yeah.
18              THE COURT:  So if he says -- you would be precluded
19    from arguing that, well, he's -- there's -- the Government has
20    never proved that he's had access to cyanide, for example.  So
21    that it affects not only what can be used against him but what
22    he himself can use.
23              MR. RIDGE:  Correct, correct.
24              THE COURT:  See where I'm coming from?
25              MR. RIDGE:  I do.
```

```
 1              THE COURT:  Do you have any objection to my saying
 2   that?
 3              MR. RIDGE:  I don't have any objection to that.
 4              THE COURT:  Okay.  I will tell you just a few
 5   things, we don't need to resolve them now because I don't want
 6   the jury waiting for us, but I got exhibit lists, I think,
 7   from the Government.  I don't think I have yet received a
 8   witness list from the Government.
 9              MR. FRANK:  No, I emailed a list to Brenda, I think,
10   on Friday, but I didn't -- it was a list in an email.  It's
11   not a --
12              THE COURT:  Okay.  Well, you should file a witness
13   list.
14              MR. FRANK:  I'm sorry, Your Honor.  I can do that.
15   I may not be able -- well, until this afternoon.
16              THE COURT:  Right.  No, I understand.  I use the
17   witness list to make sure I understand what's coming.
18              MR. FRANK:  And there is -- there is a list in order
19   in that body of that email by name.
20              THE COURT:  Right.  The other things are -- I gather
21   there's no plea agreement on the --
22              MR. RIDGE:  There is no plea agreement.
23              MR. FRANK:  No, Your Honor.
24              THE COURT:  Okay.  Sooner or later we need to
25   address the sealing of the memo in the court order, which I
```

1  sealed and I suggested to counsel that we need to discuss.  We
2  don't need to do that now.
3      Did each of you have an opportunity to review the
4  preliminary jury instructions?
5           MR. RIDGE:  I did.
6           MR. FRANK:  Yes, Your Honor.
7           THE COURT:  Did you have any objection to those?
8           MR. FRANK:  No, Your Honor.
9           THE COURT:  And did you?
10          MR. RIDGE:  No.
11          THE COURT:  Okay.  We'll get out, as soon as we can,
12 some final jury instructions, which you will have a chance to
13 review throughout the trial.  As we get closer, we can begin
14 to fine-tune those.
15     All right.  Is there anything else?
16          MR. FRANK:  I don't think so, Your Honor.  I mean, I
17 know we had asked for a conference of counsel after -- well,
18 are we --
19          THE COURT:  We can do a conference after, if you
20 would like.
21          MR. RIDGE:  Okay.
22          MR. FRANK:  I think because there are some
23 additional issues I wanted to just raise and it probably makes
24 sense to do it after jury selection.
25          THE COURT:  Sure.

```
 1              MR. FRANK:  Because I know that's what we
 2   contemplated, wasn't it?
 3              MR. RIDGE:  It was.
 4              MR. FRANK:  Yeah, I think it was we would pick and
 5   then we'd see you.
 6              THE COURT:  Okay.  Well, very good.  We will go in
 7   for the Rule 11 and then you will pick a jury and then I will
 8   see you again.
 9              MR. RIDGE:  Thank you, Your Honor.
10              MR. FRANK:  Thank you, Your Honor.
11              (Proceedings concluded at 9:47 a.m.)
12                            * * * * *
13                           CERTIFICATION
14       I certify that the foregoing is a correct transcript from
15   the record of proceedings in the above-entitled matter.
16
17
18   /s/ Melissa L. Merenberg              10/27/2016
     Melissa L. Merenberg, RPR             Date
19   Official Court Reporter
```