UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00129-JAW |
| | ) | |
| SIDNEY P. KILMARTIN | ) | |

**ORDER ON MOTIONS TO SEAL**

A public sentencing is not a private matter.

I.     **BACKGROUND**

    A.     **Procedural History**

On October 11, 2016, a jury found Sidney P. Kilmartin guilty of five violations of federal criminal law and acquitted him of one charge. *Jury Verdict* (ECF No. 153). The Court set the sentencing hearing for April 27, 2018. *Notice of Rescheduled Hr'g* (ECF No. 231). During the presentence process, the Defendant filed a number of sentencing memoranda and moved for a downward departure and variant sentence. *Def.'s Sentencing Mem. Addressing Objections to Revised Presentence Report* (ECF No. 227) (*Def.'s Sentencing Mem.*); *Mot. for a Downward Departure* (ECF No. 235); *Mot. for a Variant Sentence* (ECF No. 236) (*Def.'s Variant Mem.*); *Am. Mot. for a Downward Departure* (ECF No. 242) (*Def.'s Departure Mem.*); *Def.'s Reply to Gov't's Resp. in Opp'n to Mot. for Downward Departure and Mot. for Variant Sentence (Filed Under Seal)* (ECF No. 249). The Government responded. *Gov't's Resp. to Def.'s Sentencing Mem.* (ECF No. 228); *Gov't's Resp. Under Seal to Def.'s Mots. for Downward Departure and Variant Sentence* (ECF No. 246).

**B.     The Motions to Seal**

The issue before the Court is whether to seal memoranda and attachments filed on the docket by the parties in anticipation of Mr. Kilmartin's sentencing hearing and whether to seal the motions to seal.  By their nature, the memoranda and attachments are intended to influence Mr. Kilmartin's sentence, and the motions to seal would effectively block the public right of access to the information in these documents.

On March 7, 2018, Mr. Kilmartin filed a motion to seal his motion for downward departure, representing that the Government did not oppose the motion. *Unopposed Mot. to File Under Seal Def.'s Mots. for Downward Departure and for Variant Sentence* (ECF No. 234).  On the same day, the Court issued an order, granting in part and denying in part the motion to seal, citing *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), and requiring the parties to file memoranda within two weeks, explaining why the documents should be sealed.  *Order* (ECF No. 239). On March 7, 2018, Mr. Kilmartin filed an amended motion to seal. *Unopposed Am. Mot. to File Under Seal Def.'s Mots. for Downward Departure, Mot. for Variant Sentence, and Mot, to Exceed Page Limit* (ECF No. 237).

On March 8, 2018, the Court issued an amended order, clarifying the order. *Am. Order* (ECF No. 241).   On March 20, 2018, the Government filed its memorandum, *Gov't's Mem. on Sealing Sentencing Materials* (ECF No. 243) (*Gov't's Sealing Mem.*), and on March 21, 2018, Mr. Kilmartin filed his memorandum. *Def.'s Resp. to Court's Am. Order of March 8, 2018* (ECF 241) (*Def.'s Sealing Mem.*).  On

March 20, the Government moved to seal its response to Mr. Kilmartin's motions for departure and for variant sentence. *Mot. to Seal Gov't's Resp. to Def.'s Mots. to Depart and Vary* (ECF No. 245). On March 26, 2018, Mr. Kilmartin moved to seal the Government's sentencing exhibits. *Mot. to Seal Gov't's Sentencing Exs.* (ECF No. 247); On March 28, 2018, Mr. Kilmartin filed a motion to seal his reply to the Government's response to his motions for downward departure and variant sentence. *Mot. to File Under Seal Def.'s Reply to Gov't's Resp. in Opp'n to Mots. for Downward Departure and Mot. for Variant Sentence* (ECF No. 248).

## II. DISCUSSION

In *Kravetz*, the First Circuit addressed the question of public access to court proceedings and, among other things, held that information in judicial records that bears directly on sentencing is subject to a presumption of public access. 706 F.3d at 56-57; *United States v. DiMasi*, 215 F. Supp. 3d 179, 183 n.3 (D. Mass. 2016). The *Kravetz* Court explained that sentencing memoranda are judicial records:

> Although we previously have not decided the precise question of whether advocacy memoranda, commonly submitted by the parties to the court in advance of sentencing, are "judicial records" entitled to a common law presumption of access, we have little doubt that they are. For starters, sentencing memoranda, which bear directly on criminal sentencing in that they seek to influence the judge's determination of the appropriate sentence, fall squarely into the category of materials that a court relies on in determining central issues in criminal litigation.

*Id.* at 56. Under *Kravetz*, once the sentencing memoranda are deemed judicial records, as they must be in this case, the presumption of public access applies to them, *id.* at 57, and "'only the most compelling reasons can justify non-disclosure of judicial

3

records' that come within the scope of the common-law right of access." *Id.* at 59 (quoting *In re Providence Journal*, 293 F.3d 1, 10 (1st Cir. 2002)).

The *Kravetz* Court addressed claims by a defendant that private medical information should be redacted, even though the defendant was urging the sentencing court to consider the medical information in assessing a proper sentence. *Id.* at 63-64. The First Circuit wrote that "[t]he privacy interest in medical information is 'neither fundamental nor absolute,'" and that it "can be waived or otherwise overcome by a variety of means." *Id.* at 63. The *Kravetz* Court distinguished between medical or psychological information that is "peripheral" and would only serve to "gratify private spite or promote public scandal" and information that is "necessary for the public's appreciation of the sentence imposed." *Id.*

Here, Mr. Kilmartin's psychological history and condition are a primary, though not exclusive, basis for his argument for leniency. *Def.'s Variant Mem.* at 7-11, 19, 21-23; *Def.'s Departure Mem.* at 1-7. The Court anticipates that Mr. Kilmartin's psychological background, its connection, if any, with the commission of these offenses, his need for treatment, and the likelihood of recidivism will be fully aired in open court at his sentencing hearing.

To the extent Mr. Kilmartin could claim a right of privacy to his medical information, his claim of privacy is less convincing because none of the reports reflects actual treatment of Mr. Kilmartin. As Mr. Kilmartin concedes, the information in the reports of Dr. Carlyle Voss and of Dr. Shawn Channell was obtained not for treatment but for court-related mental health examinations. *See Def.'s Departure*

4

*Mem.* at 4 n.1. Unlike typical medical reports, the mental health evaluations were not confidential. *See Def.'s Variant Mem.* Attach. 2 *Stage II Evaluation by Dr. Carlyle Voss*, at 2 ("Mr. Kilmartin was informed that I will prepare a report based on our discussion and other information. The report will be sent to the Maine State Forensic Service. They will send a copy to the Court for distribution to the defense and prosecution. Our conversation therefore was not confidential. Also, I may be called to testify. If so, I will state my observations and opinions honestly"); *Def.'s Variant Mem.* Attach. 3 *2015 Examination by Dr. Carlyle Voss*, at 2 ("Mr. Kilmartin was informed that I will prepare a report if requested by his attorney. A copy of the report, if entered into evidence, will be shared with the prosecution. Our conversation therefore was not fully confidential. If I am called to testify I will state my observations and opinions honestly"); *Forensic Report by Dr. Shawn Channell* at 1 (ECF No. 63) ("The defendant was informed any information he provided was not confidential but subject to inclusion in the evaluation report, which would be made available to the Court and to the prosecuting and defense attorneys"). Therefore, Mr. Kilmartin's privacy claim regarding these records is attenuated.

Mr. Kilmartin's counsel justifies the filing of the motion to seal by referencing the case of *United States v. Jeffrey Paul Barnard*, No. 1:14-cr-00088-JAW, in which he states that he followed the same procedure. *Def.'s Sealing Mem.* at 1 ("Preliminarily, undersigned counsel is constrained to note that the procedure he followed in this case is identical to the procedure that he has followed in other cases where private and confidential medical information is being provided to the Court.

*See, e.g., United States v. Jeffrey Paul Barnard*, Docket No. 14-cr-88-JAW"). But that is precisely the problem.

In *Barnard*, just as in this case, after defense counsel filed an unobjected to motion to seal the sentencing memoranda which referenced psychological reports, the Court is similarly constrained to observe that it issued an order, raising *Kravetz*, requiring Mr. Barnard to explain why the submitted information should be sealed, and requiring the Government to justify its consent to the sealing. *United States v. Barnard*, No. 1:14-cr-00088-JAW, 2016 U.S. Dist. LEXIS 172779, at *3-4 (D. Me. Dec. 14, 2016). In *Barnard*, the Court noted that Mr. Barnard appeared to be "leaning heavily on his psychological condition as a primary basis for his argument for leniency." *Id.* at *2-3. In these circumstances, the Court stated that its "overriding view is that the public has a right to know why the Court imposed the sentence that it did." *Id.* at *3. The Court later granted in part and denied in part the motion to seal, granting it only for those portions of the memorandum related to personal identifiers and for those portions of the documents that revealed confidential information about persons other than the defendant; otherwise, the Court denied the motion to seal. *United States v. Barnard*, No. 1:14-cr-00088-JAW (ECF No. 271). If defense counsel and the prosecution had followed the lesson of *Barnard*, the defense would have filed a much narrower motion to seal and the Government would not have so readily acquiesced in the request for wholesale sealing.[1]

---

[1] The practice of filing sentencing memoranda under seal is too commonplace in the District of Maine. *United States v. French*, No. 1:12-cr-00160-JAW, 2017 U.S. Dist. LEXIS 279 (D. Me. Jan. 3, 2017); *Barnard*, 2016 U.S. Dist. 172779, *United States v. Kilmartin*, No. 1:14-cr-00129-JAW, 2016 U.S. Dist. LEXIS 146596, at *3 n.4 (D. Me. Oct. 24, 2016); *United States v. Stile*, No. 1:11-cr-00185-JAW,

6

In *Kravetz*, the First Circuit distinguished between information about the defendant and information about third parties. *Kravetz*, 706 F.3d at 61-63. The First Circuit wrote that "[t]hird party privacy interests . . . have been referred to as 'a venerable common law exception to the presumption of access.'" *Id.* at 62 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). As in *Barnard*, the Court is willing to entertain a narrow request from Mr. Kilmartin if he contends that any of the submitted information is subject to being sealed under this narrow exception to the presumption of public access.

Finally, the *Kravetz* Court's concerns about public access do not apply to the information protected by Federal Rule of Criminal Procedure 49.1, which directs that filings on criminal matters must redact personal identifying information, including Social Security numbers, taxpayer-identification numbers, birth dates, the names of minors, financial account numbers, and home addresses. FED. R. CRIM. P. 49.1(a); *see* D. ME. LOC. R. 7A(e). To the extent that personal identifying information appears in the parties' filings, it should be redacted in accordance with Rule 49.1(a) and Local Rule 7A(e).

## III. CONCLUSION

The Court DENIES Defendant Sidney P. Kilmartin's Unopposed Motion to File Under Seal Defendant's Motions for Downward Departure and for Variant Sentence

---

2013 U.S. Dist. LEXIS 182327 (D. Me. Dec. 30, 2013). It is understandable that a defendant would not want his or her private information publicly revealed, but especially if a defendant is asking the Court to impose a lenient sentence because of this information, the public has a right to access it. It is less understandable why the Government would continue to acquiesce in such motions. If the Government objected, the message would be conveyed to the defense bar that they will be required to justify motions to seal sentencing documents under *Kravetz*.

7

(ECF No. 234) as well as his Unopposed Amended Motion to File Under Seal Defendant's Motions for Downward Departure, Motion for Variant Sentence, and Motion to Exceed Page Limit (ECF No. 237). The Court DENIES as moot the Government's Motion to Seal Government's Response to Defendant's Motions to Depart and Vary (ECF No. 245). The Court DENIES Defendant Sidney P. Kilmartin's Motion to Seal Defendant's Reply to Government Response in Opposition to Motion for Downward Departure and Motion for Variant Sentence (ECF No. 248).

To allow the Defendant to move to seal some portions of the memoranda and attachments under the so-called third party exception, the Court stays for seven days the unsealing of the following memoranda: (1) Motion for a Downward Departure (ECF No. 235); (2) Motion for a Variant Sentence (ECF No. 236); (3) Amended Motion for a Downward Departur*e* (ECF No. 242); (4) Defendant's Reply to Government's Response in Opposition to Motion for Downward Departure and Motion for Variant Sentence (Filed Under Seal) (ECF No. 249); and (5) Government's Response Under Seal to Defendant's Motions for Downward Departure and Variant Sentence (ECF No. 246).

The Court also DENIES the Defendant's motion to seal the Government's sentencing exhibits. Motion to Seal Government's Sentencing Exhibits (ECF No. 247). The Court stays the unsealing of these exhibits for seven days. If Mr. Kilmartin wishes to have these documents sealed, he must file within seven days a new motion, explaining why the sealing of the Government's sentencing exhibits is permitted under *Kravetz*. Regarding these documents, the Court observes that some of the

Government's sentencing exhibits do not implicate his psychiatric treatment and the Court is unaware of any basis for the sealing of such matters as his criminal record.

During this seven-day period, the Court ORDERS the Defendant and, if necessary, the Government to file redacted versions of the sealed documents, including the sentencing exhibits, consistent with Federal Rule of Criminal Procedure 49.1(a) and District of Maine Local Rule 7A.

If—other than the redacted filings—the Defendant wishes to seal any material, the Defendant shall file within seven days of the date of this Order a new motion to seal such portions of the record involving third parties justified under *Kravetz* or, if applicable, any argument involving the unsealed documents that the Court has not addressed. If the Defendant files such a motion, the currently sealed documents will remain sealed until such time as the Court has ruled on the newly-filed motion. If the Defendant files another motion to seal, the Government will have seven days to respond. Given the immediacy of the April 27, 2018 sentencing hearing, no reply will be allowed.

Finally, there is no legal basis to seal the motions to seal. They contain no confidential information and only generally reference Mr. Kilmartin's psychiatric condition. *See Olsen v. United States*, No. 1:07-cv-00034-JAW, 2007 WL 1959205, at *1 (D. Me. Jul. 3, 2007) ("As a preliminary matter I note that the motion to seal, which contains none of the personal information Olsen wants sealed from public view, should not have been filed under seal and I order the clerk to make it publicly available"). The Court ORDERS the following motions, which it has denied on the

merits, immediately unsealed: (1) Unopposed Motion to File Under Seal Defendant's Motion for Downward Departure and for Variant Sentence (ECF No. 234); (2) Unopposed Amended Motion to File Under Seal Defendant's Motion for Downward Departure and for Variant Sentence, and to Exceed Page Limit (ECF No. 237); (3) Motion to Seal Government's Response to Defendant's Motions to Depart and Vary (ECF No. 245); (4) Motion to Seal Government's Sentencing Exhibits (ECF No. 247); and (5) Motion to File Under Seal Defendant's Reply to Government's Response in Opposition to Motions for Downward Departure and Motion for Variant Sentence (ECF No. 248).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2018